# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| RAYMOND MARTIN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:13CV1108 JCH ) |
| AETNA LIFE INSURANCE COMPANY, et al., | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants Aetna Life Insurance Company ("Aetna") and Anheuser Busch Companies, Inc.'s ("A-BC")[1] Partial Motion to Dismiss Plaintiff's Second Amended Petition, filed February 3, 2014. (ECF No. 36). The motion has been fully briefed and is ready for disposition.

## BACKGROUND

Plaintiff Raymond Martin worked for A-BC until on or about March 31, 2003. (Second Amended Complaint ("SAC"), ¶ 13). As part of his employment with A-BC, Martin was enrolled in a group life insurance plan ("the Plan"). (Id., ¶ 5). According to Martin, the Plan was an employee benefit plan governed by the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 et. seq. ("ERISA"). (Id.). Aetna was responsible for both determining and paying claims under the Plan. (Id., ¶ 6).

The Plan contained a provision for the lump sum payment of basic life insurance when a participant was "not able to work due to disease or injury," and Aetna determined the worker

---

[1] Anheuser Busch Companies, LLC is the successor in interest to Anheuser Busch Companies, Inc.

was "permanently and totally disabled." (ECF No. 37-1, P. 3). The Plan defined permanent and total disability as follows:

> You are permanently and totally disabled only if disease or injury stops you from engaging in:
>
> · the material and substantial duties of your own job during the first 12 months of the disability; and thereafter
>
> · the material and substantial duties of any gainful job for which you are suited by education, training, or experience;

(Id.). In order to be eligible for benefits, the Plan required that the participant meet the following criteria:

> · Your Life Insurance must be in force when you cease work due to disease or injury.
>
> · You must be under age 70 at the time you cease active work.
>
> · You must be absent from work for at least 6 consecutive months.

(Id.). Finally, the Plan provided that, "Aetna must receive your written notice of claim at its Home Office within 36 months from the date you cease active work. If your written notice is not received by Aetna within 36 months, you will not be eligible for this benefit extension." (Id.).

Martin alleges that he is permanently and totally disabled under the terms of the Plan, that he was under the age of 70 when he ceased active work, that his life insurance under the Plan was in force when he ceased work due to disease or injury, and that he was absent from work for at least 6 consecutive months. (SAC, ¶ 11). He submitted his claim for benefits to Aetna and A-BC on or about April 2, 2010, more than seven years after he ceased actively working for A-BC. (Id., ¶¶ 13, 14).[2] Martin blames the delay on Defendants, claiming that he was never informed of his rights under the Plan, that he never received any documents describing those rights, and that

---

[2] Defendants admit only that Martin notified Defendants of his intent to make a claim for benefits in April, 2010. (Defendants' Answer to Count I of Second Amended Complaint, ¶ 14).

he never received a Summary Plan Description ("SPD"). (Id., ¶¶ 19, 21).[3] Aetna denied Martin's claim on or about October 12, 2010, and again on or about June 20, 2011, both times on the basis that it was submitted beyond the 36 month notice requirement. (Id., ¶ 15).

Martin filed his original Complaint in this matter on June 12, 2013. (ECF No. 1). His Second Amended Complaint, filed January 21, 2014, contains the following four claims for relief: Recovery of Benefits Due Plaintiff and the Enforcement of Plaintiff's Rights under the Terms of the Plan, Pursuant to 29 U.S.C. § 1132(a)(1) (Count I); Appropriate Equitable Relief Under 29 U.S.C. § 1132(a)(3) to Redress Violations of §§ 1022(a), 1022(b), 1024(b)(1), and Their Accompanying Regulations (Count II); Appropriate Equitable Relief Under 29 U.S.C. § 1132(a)(3) To Redress Violations of § 1104(a) (Count III); and Equitable Estoppel (Count IV). (ECF No. 32). As relief, Martin requests $113,500 in benefits, restitution, and/or surcharge (plus appropriate interest), or in the alternative, an injunction requiring Aetna to waive the 36 month notice requirement and make a determination on the merits of the claim.[4]

As noted above, Defendants filed the instant Partial Motion to Dismiss on February 3, 2014, claiming Counts II, III, and IV of Martin's SAC are defective on multiple fronts. (ECF No. 36; Memorandum in Support of Defendants' Partial Motion to Dismiss Plaintiff's Second Amended Petition ("Defendants' Brief"), P. 2). First, Defendants move to dismiss Counts II, III, and IV for failing to satisfy the pleading requirements of *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007), and *Ashcroft v. Iqbal,* 556 U.S. 662, 678

---

[3] Martin alleges that he only became aware of his right to a lump sum payment years after his retirement, when a former union representative and former co-workers mentioned the benefit provision. (SAC, ¶ 20). Those same individuals also told Martin that he needed to obtain Social Security Disability ("SSD") benefits in order to become eligible for the lump sum payment. (Id.). Martin therefore applied for SSD benefits, and on May 6, 2009, the Social Security Administration informed Martin that he met their requirements for SSD benefits, as of January 1, 2008. (ECF No. 37-2).

[4] Martin further seeks reasonable costs and attorney's fees.

(2009). (Defendants' Brief, PP. 3-6). Second, they claim that Counts II, III, and IV are barred because 29 U.S.C. § 1132(a)(1) offers appropriate relief, and thus the line of cases started by *Varity Corp. v. Howe*, 550 U.S. 489, 515 (1996), prohibits Martin's re-packaged claims for benefits under 29 U.S.C. § 1132(a)(3) and estoppel. (Id., PP. 6-8). Third, they claim that Counts II and III are time barred, and/or fail to state claims for breach of fiduciary duty. (Id., PP. 8-18). Finally, Defendants claim that Count IV is barred, because estoppel cannot be invoked to alter the unambiguous terms of the Plan. (Id., PP. 18-20).

## STANDARD FOR MOTION TO DISMISS

In ruling on a motion dismiss, the Court must view the allegations in the complaint in the light most favorable to Plaintiff. *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008). The Court, "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted). The Complaint's factual allegations must be sufficient "to raise a right to relief above the speculative level," however, and the motion to dismiss must be granted if the Complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007) (abrogating the "no set of facts" standard for Fed.R.Civ.P. 12(b)(6) found in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Furthermore, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555 (pleading offering only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not do)).

## DISCUSSION

### A. Well-Plead Complaint

In their motion, A-BC and Aetna first claim that Counts II, III, and IV do not meet the minimum pleading standards, "as Plaintiff merely accuses Defendants of wrongdoing using conclusory allegations that simply recite the elements of his cause of action in the form of [] legal conclusions, without the concrete factual support required." (Defendants' Brief, P. 5). Upon consideration, however, the Court finds that Martin goes well beyond mere recitations of the statutory language in his Second Amended Complaint. For example, in Count II Martin alleges that neither A-BC nor Aetna ever gave him Plan documents or an SPD[5], as required by ERISA. (SAC, ¶ 21). Martin further alleges that A-BC and Aetna concealed Plan information from him and other participants, that this was done intentionally, and that A-BC and Aetna knew or should have known that this could harm Martin in the future by depriving him of the opportunity to submit a claim for benefits under the Plan. (Id., ¶¶ 21-23). Martin finally claims he was harmed by Defendants' actions, as he in fact was denied benefits under the Plan. (Id., ¶ 24). Viewing the allegations in the light most favorable to Martin, the Court finds he has met the pleading standards set forth in Fed.R.Civ.P. 8(a).

Defendants also assert that Martin has failed to meet the standards set forth in Fed.R.Civ.P. 9(b), which requires that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."[6] They insist that "[a]llegations of fraud must include the circumstances of such matters, including the time, place and content of false representations, as well as the identity of the person making the misrepresentation and what

---

[5] Martin further alleges the SPD created by Defendants contained erroneous information. (SAC, ¶ 21).

[6] Martin disputes whether the above provision applies to his claims, as he maintains the majority of his allegations pertain to Defendants' "malice, intent, knowledge, and other conditions of mind," which need only be alleged generally. (Plaintiff's Response to Defendants' Motion for Partial Dismissal ("Plaintiff's Response"), P. 1).

was obtained or given up thereby." (Defendants' Brief, P. 4). In so asserting, however, Defendants ignore the fact that Plaintiff claims harm caused by an omission or concealment, rather than affirmative representations. As such, the Court finds that his allegations, which include specifics regarding the documents and information allegedly withheld (SAC, ¶¶ 19, 20, 21, 22, 27, 28, 29, 34), and the duties breached by Defendants (SAC, ¶¶ 21, 27, 28, 34), suffice for purposes of Rule 9(b). This portion of Defendants' Motion to Dismiss will therefore be denied.

**B.** **Repackaged Claims For Benefits**

As noted above, Martin brings Count I of his Second Amended Complaint under 29 U.S.C. § 1132(a)(1), and Counts II and III under 29 U.S.C. § 1132(a)(3). In relevant part, 29 U.S.C. § 1132(a) allows a civil action to be brought:

> (1) by a participant or beneficiary--
>
>     (A) for the relief provided for in subsection (c) of this section, or
>
>     (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;
>
> …
>
> (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan;

*See* 29 U.S.C. § 1132(a)(1), (3).

Where a plaintiff has an adequate remedy under § 1132(a)(1)(B), that plaintiff is unable to bring the same claim repackaged as a § 1132(a)(3) claim. *See Varity Corp v. Howe*, 516 U.S. 489, 515, 116 S.Ct. 1065, 134 L.Ed.2d 130 (1996) ("Thus, we should expect that where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no

need for further equitable relief, in which case such relief normally would not be 'appropriate.'")._7_ This prohibition applies, however, only when § 1132(a)(1) provides an appropriate remedy. In *Varity*, the plaintiffs were unable to proceed under that subsection, because as a result of the defendants' alleged deception they were no longer members of the plan at issue, and thus "had no 'benefits due [them] under the terms of [the] plan.'" *Varity*, 516 U.S. at 515 (quoting § 1132(a)(1)(B)). The Supreme Court found the plaintiffs must be permitted to rely on the third subsection, or they would have no remedy at all. *See id.* ("We are not aware of any ERISA-related purpose that denial of a remedy would serve. Rather, we believe that granting a remedy is consistent with the literal language of the statute, the Act's purposes, and pre-existing trust law."). Thus, "it is clear that the thrust of *Varity* was to recognize that § 1132(a)(3) is—as described elsewhere in that opinion—a 'catchall' provision that acts as a 'safety net, offering appropriate equitable relief for injuries caused by violations that § 502 [§ 1132] does not elsewhere adequately remedy.'" *Pichoff v. QHG of Springdale, Inc.*, 2008 WL 686930, at *2 (W.D. Ark. Mar. 10, 2008) (citation omitted).

In his Second Amended Complaint, Martin seeks relief pursuant to two alternative theories. In Count I Martin claims he is due benefits under the Plan itself, and thus § 1132(a)(1)(B) provides him with a remedy. Martin recognizes, however, that the Court may find his failure timely to comply with the notice of claim requirement precludes his recovery of

---

[7] The Eighth Circuit has followed *Varity*, holding that when a plaintiff asks for benefits allegedly due to him under a plan, he may not use § 1132(a)(3) to take a second bite at the apple. *See Wald v. Southwestern Bell Corp. Customcare Medical Plan*, 83 F.3d 1002, 1006 (8th Cir. 1996) (when a plaintiff is "provided adequate relief by her right to bring a claim for benefits under … 29 U.S.C. § 1132(a)(1)(B), as she did in Count I, and she seeks no different relief in Count II of her complaint, equitable relief would not be appropriate in her case. Thus, she does not have a cause of action under [§ 1132(a)(3)]."). This is true even when the § 1132(a)(1) claim is time-barred. *See Pilger v. Sweeney,* 725 F.3d 922 (8th Cir. 2013) (holding that where plaintiffs have a right to a § 1132(a)(1) claim, they cannot bring that same claim under § 1132(a)(3), even though the § 1132(a)(1) claim was time-barred).

benefits under the Plan.[8]  "If that view is correct, then Plaintiff cannot show that [he] is eligible for benefits *under* the Plan, and would have no remedy under § 1132(a)(1)(B)." *Pichoff*, 2008 WL 686930, at *3.  Martin thus claims in Counts II and III that his failure to comply was caused by Defendants' breaches of fiduciary duty, in violation of § 1132(a)(3).  In other words, Martin maintains it was Defendants' failure to provide him with copies of the Plan and SPD that caused him to miss the notice of claim deadline, and thus be eliminated from coverage under the Plan.

Upon consideration, the Court declines to dismiss Martin's equitable claims as duplicative at this stage of the proceedings.  The Court finds that should it ultimately agree with Defendants that Martin is precluded from receiving benefits under the Plan due to his untimely claim submission, then he may be in the same position as the plaintiffs in *Varity*, i.e., required to rely on § 1132(a)(3) or possess no remedy at all.  *See Freeman v. Board of Trustees of Teamsters Joint Council No. 41 Severance Plan*, 2006 WL 2460863, at *6 (N.D. Ohio Aug. 23, 2006) ("Where, however, as here, a beneficiary alleges that deception by his plan administrator potentially is the *cause* of the beneficiary's inability to avail himself of another remedy under [§ 1132], that breach of fiduciary claim cannot be dismissed at an early stage in the pleadings.").[9]  This portion of Defendants' Motion to Dismiss will therefore be denied.

C.  **Statute Of Limitations**

In their motion, A-BC and Aetna next assert Counts II and III are both time-barred pursuant to 29 U.S.C. § 1113, which provides as follows:

---

[8] Martin does not agree his claim is time-barred, as he maintains Missouri law forbids the denial of a claim for failure timely to comply with a notice of claim requirement in the absence of a showing of prejudice. (SAC, ¶ 16).

[9] This case is distinguishable from *Pilger v. Sweeney*, as in that case there were no allegations that the plaintiffs' failure to file their claim in a timely manner was caused by the defendants' deceptive actions.

> No action may be commenced under this subchapter[10] with respect to a fiduciary's breach of any responsibility, duty, or obligation under this part[11], or with respect to a violation of this part, after the earlier of –
>
> (1) six years after (A) the date of the last action which constituted a part of the breach or violation, or (B) in the case of an omission the latest date on which the fiduciary could have cured the breach or violation, or
>
> (2) three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation;
>
> except that in the case of fraud or concealment, such action may be commenced not later than six years after the date of discovery of such breach or violation.

(Defendants' Brief, PP. 8-13). Martin agrees that because Count III is brought to redress violations of § 1104, it falls under the statute of limitations contained in § 1113. He claims that because Count II is brought to redress violations of §§ 1022 and 1024[12], however, it is not subject to § 1113. (Plaintiff's Response, PP. 8-11). Upon consideration, the Court agrees. *See Meyer v. Phillip Morris, Inc.*, 569 F.Supp. 1510, 1512 (E.D. Mo. 1983). State law thus provides the statute of limitations for Count II. *See Union Pacific R. Co. v. Beckham*, 138 F.3d 325, 330 (8th Cir.), *cert. denied*, 525 U.S. 817 (1998).

Regardless of the limitations period used, federal common law determines when Martin's federal claims accrued. *Beckham*, 138 F.3d at 330. As Counts II and III are federal question claims, the discovery rule applies, under which "a plaintiff's cause of action accrues when he discovers, or with due diligence should have discovered, the injury that is the basis of the litigation." *Id*. In the instant case it is clear that Martin learned of the possibility of a lump sum payment from the Plan, and by extension of the concealment of that benefit from him by A-BC

---

[10] "This subchapter" refers to Subchapter I of ERISA.
[11] "This part" refers to Subtitle B, Part 4 of Subchapter I, 29 U.S.C. §§ 1101-1114.
[12] Sections 1022 and 1024 arise under Subtitle B, Part 1 of Subchapter I, 29 U.S.C. §§ 1021-1031.

and Aetna, before he filed for SSD benefits. (SAC, ¶ 20.) As the SSD benefits decision was made on May 6, 2009, his claim accrued sometime before that date. (ECF No. 37-2).

   I.   **Count II**

As noted above, the Court must apply the most analogous state law statute of limitations to Martin's Count II claim for violations of §§ 1132(a)(3), 1022(a), 1022(b), and 1024(b)(1). Defendants maintain the most analogous state law statute of limitations is found in Missouri Revised Statute § 516.130(2), which provides for a three year period of limitations for "[a]n action upon a statute for a penalty of forfeiture, where the action is given to the party aggrieved, or to such party and the state." (Defendants' Brief, P. 12). Martin counters that he is not seeking a penalty under 29 U.S.C. § 1132(c), but rather relief under the non-penalty provisions of ERISA found in §§ 1022, 1024(b)(1) and 1132(a)(3). (Plaintiff's Response, P. 11). Martin thus maintains the applicable limitations period is five years, as this is "[a]n action upon a liability created by a statute *other than a* penalty." (Id., (quoting Mo.Rev.St. § 516.120(2) (emphasis added))).

Upon consideration, the Court agrees with Martin that the five-year statute of limitations is appropriate. As Martin filed this action on June 12, 2013, and thus far the earliest alleged date that Martin knew of the injury forming the basis of his claims is sometime prior to May 6, 2009, it is not clear at this time that Count II is barred. Defendants' Motion to Dismiss Count II as untimely must therefore be denied.

   II.   **Count III**

As noted above, Count III asserts a § 1132(a)(3)(B) claim for violations of § 1104(a), which arises under Subtitle B, Part 4 of Subchapter I of ERISA. Therefore, the applicable statute of limitations is found in 29 U.S.C. § 1113. Under § 1113, in order to receive the six year statute

of limitations for fraudulent concealment, Martin must show: "(1) that defendants engaged in a course of conduct designed to conceal evidence of their alleged wrongdoing and that (2) [he was] not on actual or constructive notice of that evidence, despite (3) [his] exercise of due diligence." *Schaefer v. Arkansas Medical Soc.*, 853 F.2d 1487, 1491-92 (8th Cir. 1988) (citations omitted). Here, Martin has alleged that A-BC and Aetna engaged in a course of conduct designed to conceal his right to the benefit. Specifically, Martin asserts that:

> Not only have Defendants created a Summary Plan Description that fails to contain statutorily-required information—misleading Plan participants and beneficiaries into believing their claims would expire after just *12 months* of ceasing active work instead of the actual *36 months*, and by telling claimants to send their claims to the *wrong party* at the *wrong address*—but they *failed to ever provide these documents in the first place.* They have prevented Plaintiff from even knowing the Plan *existed.* Thus, through Defendants' trick or contrivance of completely concealing Plan information from Plaintiff, they have completely prevented him from suspecting anything or making any inquiries. They have thus engaged in "fraud or concealment" under § 1113(2).

(Plaintiff's Response, P. 13). Upon consideration, the Court finds Martin's allegations create an issue of fact as to whether Defendants engaged in active concealment, sufficient to permit Martin to take advantage of the six year statute of limitations provided for in § 1113. The Court thus will deny this portion of Defendants' Motion to Dismiss.

**D.** **Breach Of Fiduciary Duty**

Defendants next contend that, even if there were a technical violation of ERISA disclosure requirements, such violation did not constitute a breach of their duties. (Defendants' Brief, P. 14). Defendants note that "[i]n order to recover for a technical violation of ERISA disclosure requirements, 'a plaintiff must demonstrate extraordinary circumstances, such as 'bad faith, active concealment, or detrimental reliance'.'" (Id. (quoting *Andersen v. Chrysler Corp.,* 99 F.3d 846, 859 (7th Cir. 1996))). The standard for detrimental reliance in the Eighth Circuit for a violation of § 1022 is clear: "Detrimental reliance means that the plaintiff took action,

resulting in some detriment, that he would not have taken had he known that the terms of the plan were otherwise or that he failed, to his detriment, to take action that he would have taken had he known that the terms of the plan were otherwise." *Greeley v. Fairview Health Services*, 479 F.3d 612, 614-15 (8th Cir. 2007) (citing *Maxa v. John Alden Life Ins. Co.,* 972 F.2d 980, 984 (8th Cir. 1992)). In the instant case, Martin has alleged that he failed to apply for the lump-sum payment he was entitled to, and that he would have done so had the terms of the Plan been disclosed. Under these circumstances, the Court finds Martin's allegations in Counts II and III are sufficient to survive Defendants' Motion to Dismiss.

**E.     Equitable Estoppel**

A-BC and Aetna finally assert Martin can prove no set of facts that would afford him relief on his Count IV claim for equitable estoppel. As support for their position, Defendants set forth a simple syllogism: 1) Courts may only use estoppel to interpret ambiguous plan terms, not to alter the unambiguous terms of a plan; 2) The Plan in question here is unambiguous in requiring that any claim of notice be filed within 36 months; 3) Therefore equitable estoppel can provide no remedy, as to do so would alter the unambiguous terms of the plan. (Defendants' Brief, PP. 18-20). Under this reasoning, estoppel could never be applied to unambiguous ERISA plans. Yet in a recent decision, the Supreme Court seemingly approved the use of estoppel to modify the terms of a plan. *See CIGNA Corp. v. Amara,* 131 S.Ct. 1866, 1880, 179 L.Ed.2d 843 (2011) (internal quotations and citation omitted) ("Equitable estoppel operates to place the person entitled to its benefit in the same position he would have been in had the representations been true.").[13] Here, Martin seeks to be placed in the position he would have been, had A-BC

---

[13] The fact that Martin's claim involves an omission rather than a direct representation (as in *CIGNA)* does not deprive Martin of a remedy, as equitable estoppel traditionally has been used to correct omissions.

and Aetna not failed to inform him of his rights under the Plan.  Martin's claim for equitable estoppel thus survives, and this portion of Defendants' Motion to Dismiss will be denied.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Partial Motion to Dismiss Plaintiff's Second Amended Petition (ECF No. 36) is **DENIED.**

**IT IS FURTHER ORDERED** that this matter is set for a conference on Plaintiff's Motion to Compel (ECF No. 44) on **Wednesday, May 21, 2014**, at **10:00 a.m.**  The conference will be held by telephone, with Plaintiff initiating the call.  The phone number for chambers is (314) 244-7600.

Dated this  16th  Day of May, 2014.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE